JAMES P. KRAUZLIS, ESQ.
CASEY & BARNETT, LLC
Attorneys for Plaintiff
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
Our Ref. :     464-30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HARTFORD FIRE INSURANCE
COMPANY a/s/o Marc Fisher LLC,                **ECF**

                   Plaintiff,            **17 Civ.    (    )**

     - against -                                    **COMPLAINT**

KESCO LOGISTICS, INC.,

                  Defendant.
------------------------------------------------------x

      Plaintiff, HARTFORD FIRE INSURANCE COMPANY a/s/o Marc Fisher LLC,, by their attorneys, Casey & Barnett, LLC, as and for their Complaint herein against the defendants, alleges upon information and belief as follows:

1.    All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2.    Plaintiff, Hartford Fire Insurance Company (hereinafter referred to as "Hartford"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States and provided all-risk cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business at P.O. Box 3122, Naperville, Illinois 60566-7122 and 2 Park Avenue, New York, New York..

3. Plaintiff Hartford has paid the consignee and owner of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. At all material times, defendant KESCO LOGISTICS, INC. (hereinafter "KESCO") was and is a corporation or other business entity organized and existing by virtue of the laws of a foreign state with an office and place of business located at 20 Sunrise Hwy #308, Valley Stream, NY 11581 and at all relevant times was and is still doing business within the jurisdiction of the Honorable Court as an ocean common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

6. On or before May 24, 2016, there was shipped by Marc Fisher LLC, in Kowloon, Hong Kong, as shippers, 67 cartons of ladies shoes, which Defendant Kesco stowed in ocean shipping container MAGU521841, for carriage from Hong Kong to Rotterdam aboard the vessel CMA CGM LAPEROUSE on voyage 063FFW, said shipments then being in good order and condition, and said defendants then and there accepted the said shipment so shipped and


delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Rotterdam and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Berbo Grens Service B.V., the named consignee, all in accordance with a Uniform Through Export Bill of Lading issued by or on behalf of the vessel and defendant KESCO numbered KSCM019205, dated 24 May 2016.

7. On or about 24 May 2016 the aforementioned shipment was loaded aboard the M/V CMA CGM LAPEROUSE and the vessel sailed for its intended destination.

. Thereafter, the aforementioned shipment arrived in Rotterdam and discharged the aforementioned ocean shipping container which contained the subject shipment for delivery to the consignee, Berbo Grens Service B.V. as aforesaid.

9. At the time of delivery, the shipment was not delivered in the same good order and condition was when first delivered to the defendant and the carrying vessel but, to wit, said shipment was delivered with damage and loss of value to the shipments in an amount which is presently calculated in the total amount of $40,825.00.

10. As a result of the foregoing, the plaintiff's assured, Marc Fisher LLC suffered a loss by reason of the damages to the aforementioned shipments that were laden in container MAGU521841 in the total amount of $40,825.00.

11. At all relevant times a contract of insurance for property damage was in effect between Plaintiff and Marc Fisher LLC which provided, among other things, coverage for loss or damage to the subject consignment.

12. Pursuant to said contract of insurance between Plaintiff and Marc Fisher LLC, Plaintiff paid their assured for the loss and/or damage suffered to the aforementioned consignment and as a result has an equitable right of subrogation and to the extent of the payments made to their assured is subrogated to the rights of the assured with respect to any and all claims for damages against the aforementioned defendant.

13. By reason of the foregoing, Plaintiff has sustained damages which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $40,825.00.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of its property within this District be attached in the sum of $40,825.00, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff, HARTFORD FIRE INSURANCE COMPANY, and against defendant, KESCO LOGISTICS, INC., in the amount of at least $40,825.00, together with interest and costs and the disbursements of this action;

        4.       That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: June 16, 2017
       New York, New York

CASEY & BARNETT, LLC
Attorneys for Plaintiff
Hartford Fire Insurance Company

By: _____
    JAMES P. KRAUZLIS (JK-4972)